Francisco Ruiz **ESPINOZA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–75786.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

Kevin A. Bove, Esq., Escondido, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony P. Nicastro, Esq., John M. Lynch, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM [**]

Francisco Ruiz Espinoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Ruiz Espinoza failed to establish exceptional and extremely unusual hardship to his lawful permanent resident parents. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005). We do not consider Ruiz Espinoza's contentions that the IJ abused its discretion by misapplying the law, misinterpreting the standard, and failing to consider all relevant factors, because they are challenges to the hardship determination. *See id.*

We do not consider Ruiz Espinoza's remaining challenges to the IJ's decision, including that there is a disputed factual issue, because he failed to raise these claims before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that exhaustion is mandatory and jurisdictional).

To the extent Ruiz Espinoza contends the BIA violated his due process rights by affirming the IJ's decision without opinion,

the contention is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**